UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                             CASE NO.: 15-13032-AJC

AUSTRALIA SEGURADO,                  CHAPTER 7

        Debtor.
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 19, 2015 (the "*Petition Date*") and Robert A. Angueira is the duly appointed Chapter 7 Trustee.

2. On Schedule B, Item #25, the Debtor listed a 2007 Toyota Corolla vehicle valued at $8,687.00 with no liens on Schedule D (the "*Toyota*"), and the Trustee has asserted the Estate's interest in this asset.

3. On Schedule B, Item #4, the Debtor listed household goods and furnishings at an aggregate value of $1,150.00 (the "*Home Furnishings*"), and the Trustee believes this asset is under-valued by approximately $4,000.00.

4. The Toyota and the Home Furnishings shall be collectively referred to as the "*Property*".

5. The Debtor has claimed a portion of the Property as exempt.

6. Based on the testimony during the §341 Meeting of Creditors, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

7. The Debtor denies and/or disputes some of the allegations noted above.

8. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

9. Under the terms of the Stipulation, the Debtor will pay the Trustee a total sum of $3,000.00 to be paid in ten (10) equal monthly payments of $300.00 to be made on the 1st day of each month starting on August 1, 2015 and ending on May 1, 2016.

10. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

11. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

12. As part of this Settlement, the Debtor will turn over to the Trustee the 2007 Toyota Corolla vehicle. The vehicle shall be turned over to Robert A. Angueira, Trustee, c/o Stampler Auctions at 1914 Tigertail Blvd., Dania, FL 33004 on or before July 1, 2015. Along with the vehicle, the Debtor shall also turnover to the Trustee, c/o Stampler Auctions, the title, insurance card and all keys to the vehicle. As part of this settlement, the Debtor waives any and all exemptions that have or could be claimed as to the vehicle.

13. As part of this Settlement, the Debtor agrees to: (i) maintain full liability and property damage insurance on the 2007 Toyota Corolla vehicle until such time as the vehicle is turned over to the Auctioneer; and (ii) name Robert A. Angueira, Trustee as loss payee (or other

interested party) and additional insured on the insurance policy for the vehicle referenced above and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

14. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

15. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her or intent to surrender such property.

16. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

17. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

18. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

19. This Stipulation resolves all issues between the Trustee, and Debtor regarding

Debtor's over-exempt assets and claimed exemptions and is a global settlement of all matters between the Trustee and the Debtor.

20. If the Debtor fails to timely make any of the payments described in paragraph 9, or fails to comply with the turnover provisions of paragraph 13, then after ten (10) days written notice mailed to the Debtor, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

21. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

22. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

23. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185,

189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

24.  Based on the specific facts and circumstances of this case, the Trustee has determined that $3,000.00 (plus turnover of the 2007 Toyota Corolla and waiver of exemptions) would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

25.  Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

(Remainder of page left intentionally blank)

Case No.: 15-13032-AJC

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 22 day of June, 2015.

        ROBERT A. ANGUEIRA, P.A.
        6495 S.W. 24th Street
        Miami, Florida 33155
        Tel. (305) 263-3328
        Fax (305) 263-6335
        e-mail rachel@rabankruptcy.com

By _____
        RACHEL L. AHLUM
        Florida Bar No. 0091291

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                          :        CASE NO.: 15-13032-AJC
                                                :
AUSTRALIA SEGURADO,                             :        CHAPTER 7
                                                :
_____Debtor._____/

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Robert A. Angueira (the "*Trustee*"), and Australia Segurado (the "*Debtor*"), on this 22nd day of June, 2015.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 19, 2015 (the "*Petition Date*") and Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedule B, Item #25, the Debtor listed a 2007 Toyota Corolla vehicle valued at $8,687.00 with no liens on Schedule D (the "*Toyota*"), and the Trustee has asserted the Estate's interest in this asset;

WHEREAS, on Schedule B, Item #4, the Debtor listed household goods and furnishings at an aggregate value of $1,150.00 (the "*Home Furnishings*"), and the Trustee believes this asset is under-valued by approximately $4,000.00;

WHEREAS, the Toyota and the Home Furnishings shall be collectively referred to as the "*Property*;"

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, based on the testimony during the §341 Meeting of Creditors, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;



WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.  The Debtor will pay the Trustee a total sum of $3,000.00 to be paid in ten (10) equal monthly payments of $300.00 to be made on the 1st day of each month starting on August 1, 2015 and ending on May 1, 2016.

2.  The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3.  As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

4.  As part of this Settlement, the Debtor will turn over to the Trustee the 2007 Toyota Corolla vehicle. The vehicle shall be turned over to Robert A. Angueira, Trustee, c/o Stampler Auctions at 1914 Tigertail Blvd., Dania, FL 33004 on or before July 1, 2015. Along with the vehicle, the Debtor shall also turnover to the Trustee, c/o Stampler Auctions, the title, insurance card and all keys to the vehicle. As part of this settlement, the Debtor waives any and

2

all exemptions that have or could be claimed as to the vehicle.

5.   As part of this Settlement, the Debtor agrees to: (i) maintain full liability and property damage insurance on the 2007 Toyota Corolla vehicle until such time as the vehicle is turned over to the Auctioneer; and (ii) name Robert A. Angueira, Trustee as loss payee (or other interested party) and additional insured on the insurance policy for the vehicle referenced above and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation.  The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

6.   As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

7.   If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

8.   If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

9.   If the Debtor complies with all the terms of this Stipulation, the Trustee will not

seek turnover of the above referenced Property.

10. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

11. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets and claimed exemptions and is a global settlement of all matters between the Trustee and the Debtor.

12. If the Debtor fails to timely make any of the payments described in paragraph 1, or fails to comply with the turnover provisions of paragraph 3, then after ten (10) days written notice mailed to the Debtor, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

13. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

14. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of

any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

15. The Trustee has accepted this settlement subject to this Court's approval.

16. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

17. Time is of the essence as to all deadlines within this stipulation.

18. This agreement represents the full and complete understanding of the parties.

19. The Trustee believes that this agreement is in the best interest of the estate.

20. This agreement may be signed in counterparts.

*[Remainder of Page Intentionally Left Blank]*

21.   The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

22.   The Debtor acknowledges that she has not been pressured by the Trustee, the Trustee's Attorney, or any other person, to enter into this settlement. The Debtor is entering into this settlement on her own free will, without pressure, and having all information available to her relevant to this matter. Furthermore, the Debtor hereby certify that the information contained in this Stipulation has been explained to her in Spanish.  **Sra Segurado confirma y certifica que toda la información en este Acuerdo fue traducido al español por ella antes de firmar el acuerdo.**

_____  6-22-2015
AUSTRAILIA SEGURADO                DATE
DEBTOR

_____  6/22/15
ROBERT A. ANGUEIRA                 DATE
TRUSTEE

6

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                              :           CASE NO.: 15-13032-AJC
                                                    :
AUSTRALIA SEGURADO,                                 :           CHAPTER 7
                                                    :
_____Debtor._____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
### STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the settlement is **APPROVED**.



EXHIBIT 2

2. The Debtor will pay the Trustee a total sum of $3,000.00 to be paid in ten (10) equal monthly payments of $300.00 to be made on the 1st day of each month starting on August 1, 2015 and ending on May 1, 2016.

3. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

5. As part of this Settlement, the Debtor will turn over to the Trustee the 2007 Toyota Corolla vehicle. The vehicle shall be turned over to Robert A. Angueira, Trustee, c/o Stampler Auctions at 1914 Tigertail Blvd., Dania, FL 33004 on or before July 1, 2015. Along with the vehicle, the Debtor shall also turnover to the Trustee, c/o Stampler Auctions, the title, insurance card and all keys to the vehicle. As part of this settlement, the Debtor waives any and all exemptions that have or could be claimed as to the vehicle.

6. As part of this Settlement, the Debtor agrees to: (i) maintain full liability and property damage insurance on the 2007 Toyota Corolla vehicle until such time as the vehicle is turned over to the Auctioneer; and (ii) name Robert A. Angueira, Trustee as loss payee (or other interested party) and additional insured on the insurance policy for the vehicle referenced above and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the

Trustee with the reinstatement notice, or a copy of the new policy.

7. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

8. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

9. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

10. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

11. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

12. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets and claimed exemptions and is a global settlement of all matters between the Trustee and the Debtor.

13. If the Debtor fails to timely make any of the payments described in paragraph 2, or fails to comply with the turnover provisions of paragraph 5, then after ten (10) days written

notice mailed to the Debtor, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

14. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

15. The settlement proceeds are allocated as follows:

- All proceeds from the sale of the 2007 Toyota Corolla Vehicle are allocated to that asset; and
- $3,000.00    (attributable to the Household Goods and Furnishings).

14. The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

ROBERT A. ANGUEIRA, P.A.
6495 SW 24 Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail   rachel@rabankruptcy.com

Copies furnished to:
Rachel L. Ahlum, Esq.

*(Attorney Rachel L. Ahlum is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

4

Case No.: 15-13032-AJC

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 22 day of June, 2015, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 22 day of June, 2015, to:

- Rachel L Ahlum    rachel@rabankruptcy.com, rangueir@bellsouth.net
- Robert A Angueira trustee@rabankruptcy.com, fl79@ecfcbis.com; tassistant@rabankruptcy.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rachel@rabankruptcy.com

By _____
RACHEL L. AHLUM
Florida Bar No. 0091291

7

Case 15-13032-AJC

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

Amexdsnb
9111 Duke Blvd
Mason, OH 45040-8999

Cap1/Bstby
Po Box 5253
Carol Stream, IL 60197-5253

Cap1/Saks
3455 Highway 80 W
Jackson, MS 39209-7202

Carico International
2851 W Cypress Creek Rd
Fort Lauderdale, FL 33309-1781

Chase/Circuitcity
Po Box 15298
Wilmington, DE 19850-5298

Comenity Bank/Spiegel
995 W 122nd Ave
Westminster, CO 80234-3417

Comenitybank/Talbots
Po Box 182120
Columbus, OH 43218-2120

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

(p)FIRST FLORIDA CREDIT UNION
P O BOX 43310
JACKSONVILLE FL 32203-3310

Ginnys
1112 7th Ave
Monroe, WI 53566-1364

LVNV Funding
POB 10497
Greenville, SC 29603-0497

Lexus Financial Servic
12735 Morris Road Ext #
Alpharetta, GA 30004-8904

Lowe's
POB 965005
Orlando, FL 32896-5005

Mayors Jewelers Inc
5870 North Hiatus Road
Tamarac, FL 33321-6424

Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

Midland Funding
8875 Aero Drive
Suite 200
San Diego, CA 92123-2255

Midnight Velvet
1112 7th Ave
Monroe, WI 53566-1364



(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Portfolio Recovery Associates, LLC
c/o Pollack & Rosen, P.A.
806 Douglas Road
South Tower, Suite 200
Coral Gables, FL 33134-3157

Region/Ams
Po Box 11007
Birmingham, AL 35288-0001

Sears/Cbna
Po Box 6283
Sioux Falls, SD 57117-6283

Seventh Avenue
1112 7th Ave
Monroe, WI 53566-1364

Southeast Toyota Finance
POB 991817
Mobile, AL 36691-8817

Stoneberry
POB 2820
Monroe, WI 53566-8020

Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

| | | |
|---|---|---|
| Syncb/Care Credit<br>950 Forrer Blvd<br>Kettering, OH 45420-1469 | Syncb/Jewelry Express<br>C/O Po Box 965036<br>Orlando, FL 32896-0001 | Syncb/Lord & Tay<br>Po Box 965015<br>Orlando, FL 32896-5015 |
| Syncb/Rooms To Go<br>Po Box 965036<br>Orlando, FL 32896-5036 | Syncb/Walmart<br>Po Box 965024<br>Orlando, FL 32896-5024 | Syncb/Walmart Dc<br>Po Box 965024<br>Orlando, FL 32896-5024 |
| Talbots<br>175 Beal St<br>Hingham, MA 02043-1512 | Td Bank Usa/Targetcred<br>Po Box 673<br>Minneapolis, MN 55440-0673 | Tdrcs/Mayors Jewelers<br>1000 Macarthur Blvd<br>Mahwah, NJ 07430-2035 |
| Thd/Cbna<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 | Visdsnb<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | Walmart<br>POB 530927<br>Atlanta, GA 30353-0927 |
| Wffnatbank<br>Po Box 94498<br>Las Vegas, NV 89193-4498 | World Omni<br>Po Box 91614<br>Mobile, AL 36691-1614 | Australia Segurado<br>4390 W 12th Lane #9A<br>Hialeah, FL 33012-5979 |
| Martin Claire<br>Martin Claire & Co LLC<br> 7001 NW 84 Ave<br>Miami, FL 33166-2620 |  | |

